IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-74 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| SAMI MEHMED, | : | |
| Defendant. | : | |

## ORDER GRANTING GOVERNMENT'S MOTION
## FOR REVOCATION OF BOND (Doc. 24)

This matter is before the Court on the Government's Motion for Revocation of Bond (Doc. 24). Defendant filed a Response in Opposition (Doc. 25), and the Court held a hearing on the motion. This matter is now ripe for the Court's review. For the following reasons, the Court **GRANTS** the Government's Motion for Revocation of Bond (Doc. 24).

### BACKGROUND

On July 17, 2024, a federal grand jury returned a two-count Indictment charging Defendant Sami Mehmed with (1) Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and (2) Travel with Intent to Engage in a Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(b). (*See* Indictment, Doc. 17.) Pretrial Services recommended that Defendant be detained in light of the nature of the offenses, his lack of ties to the United States as a United Kingdom citizen on a tourist visa, his unemployment, and his residential instability. (Pretrial Services Report, Doc. 12, Pg. ID 24.)

The Magistrate Judge held a detention hearing on July 22, 2024. (7/22/2022 Minute Entry.) Defendant was released on bond with conditions, including but not limited to: (1) surrendering his passport, (2) restricting travel to Hamilton County, (3) GPS monitoring, (4) home incarceration, (5) prohibiting computer access, (6) limiting contact with minors, (7) prohibiting cell phones to pre-2000 style, and (8) residing in an approved location in which the owners are aware of the charges. (Bond Order, Doc. 21.) This bond order was stayed pending appeal by the Government. (7/22/2024 Minute Entry.)

On July 29, 2024, the Government moved to revoke this bond order. (Motion to Revoke, Doc. 24.) The Government argues that Defendant should be detained because he is both a danger to the community and a significant flight risk. (*Id.* at Pg. ID 62.) On September 4, 2024, the Court held a hearing on this matter. Pretrial Services was present at this hearing and stated that there were no revisions to their report, which recommended detention. (*See* Pretrial Services Report, Doc. 12.) The Court heard oral argument from the parties and took the matter under advisement.

## LAW AND ANALYSIS

The Government may seek review of a release order by filing a motion for revocation pursuant to 18 U.S.C. § 3145(a). The district court then reviews the detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129-30 (S.D. Ohio 2000). Under 18 U.S.C. § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

2

community." Where, as here, a defendant has been charged with an offense involving a minor victim under 18 U.S.C. § 2422 or § 2423, there is a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(E); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant can overcome this presumption by providing "at least some evidence" that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945.

Defendant argues that he has rebutted the presumption of detention by pointing to his lack of criminal history and surrendering his passport. (Response, Doc. 25, Pg. ID 77.) Given that Defendant's burden of producing "at least some evidence" is not heavy, the Court continues under the assumption that the presumption has been rebutted. Nevertheless, the presumption favoring detention "remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945 (quotation omitted).

Ultimately, it is the Government's burden to "prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946. "The [G]overnment must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). In making a detention determination, the Court considers:

(1) The nature and circumstances of the offense charged;

(2) The weight of the evidence against the defendant;

(3) The history and characteristics of the defendant; and

(4) The nature and seriousness of the danger to any person or the community.

3

18 U.S.C. § 3142(g). A review of these factors demonstrate that detention is appropriate.

### I. The Nature and Circumstances of the Offense

The Court first considers "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim." 18 U.S.C. § 3142(g)(1). Here, the offenses charged—Coercion and Enticement, as well as Travel with Intent to Engage in a Sexual Act with a Minor—both involve a 14-year-old victim. (*See* Indictment, Doc. 17; Compl., Doc. 1.) Not only do these charges carry a presumption of dangerousness due to the involvement of a minor, but they also convey lengthy terms of imprisonment. *See* 18 U.S.C. § 2422(b) (Coercion and Enticement of a Minor carries a mandatory minimum of 10 years up to life); 18 U.S.C. § 2423(b) (Travel with Intent to Engage in Illegal Sexual Conduct carries a 30-year maximum). These sentences "reflect a Congressional determination that individuals who sexually exploit minors are inherently dangerous." *United States v. Demarcus Bristuan Fitzhugh*, No. 16-MJ-30364, 2016 WL 4727480, at *4 (E.D. Mich. Sept. 12, 2016).

The specific conduct charged only underscores the seriousness of the offenses. Defendant is alleged to have traveled from the United Kingdom to the United States for the purpose of engaging in illicit sexual conduct with a 14-year-old minor. (Indictment, Doc. 17; Compl., Doc. 1.) Defendant allegedly communicated online with the minor nearly every day for months. (Compl., Doc. 1, Pg. ID 4.) Ultimately, law enforcement discovered Defendant in a vehicle with the minor. (*Id.* at Pg. ID 3-4.) In addition, Defendant allegedly enticed this minor to send him sexually explicit images of herself. (*Id.* at Pg. ID 3-5.) The nature and circumstances of the offenses support detention.

4

## II. The Weight of the Evidence

The second factor speaks to the weight of the evidence of dangerousness or flight risk, rather than the evidence of a defendant's guilt. *Stone*, 608 F.3d at 948; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

The weight of the evidence as to Defendant's dangerousness is heavy. To reiterate, Defendant is alleged to have engaged in consistent communications with a 14-year-old minor, enticed child pornography from her, and ultimately traveled to the United States in an attempt to engage in sexual activity with the minor. As courts have recognized, "*Just one* sexually-related offense against *just one* minor is enough to imply dangerousness." *Fitzhugh*, 2016 WL 4727480, at *5. Here, Defendant is alleged to have engaged in a series of illegal sexually-related acts involving a minor. *See United States v. Music*, No. 107-CR-21, 2007 WL 2067057, at *5 (W.D. Ky. July 16, 2007) ("[T]he weight of the evidence against [defendant] does not favor release as the evidence produced by the Government shows that the Defendant had the intent to engage in sexual conduct with a minor.") Thus, the weight of the evidence of dangerousness supports detention.

## III. The History and Characteristics of Defendant

The third factor involves weighing "the history and characteristics of the person," including his family ties, employment, community ties, length of residence in the community, past conduct, and criminal history. 18 U.S.C. § 3142(g)(3). Defendant is a citizen of the United Kingdom who entered the United States on a tourist visa in May 2024. (Pretrial Services Report, Doc. 12, Pg. ID 22.) He does not have strong ties to Ohio or the United States, and his family lives in the United Kingdom. (*Id.* at Pg. ID 23.)

5

Additionally, he has stayed at a hotel and plans to reside at an Airbnb if released on bond. (*Id.*; Response, Doc. 25, Pg. ID 80.) Defendant advised that he is unemployed and would remain unemployed if released on bond. (Pretrial Services Report, Doc. 12, Pg. ID 23.)

More recently, Defendant attempted to book a flight to London while state charges were pending against him. (Motion to Revoke, Doc. 24, Pg. ID 66, 72.) Though Defendant points out that he never used the ticket (Response, Doc. 25, Pg. ID 82), this still demonstrates his desire to leave the country. And, while Defendant's lack of criminal history may support release, it does not mandate it—especially when other considerations favor detention. *See Music*, 2007 WL 2067057, at *5 (collecting cases in which a defendant charged with sexual activity with a minor was detained despite no prior criminal history).

The Court concludes that these considerations—paired with the lengthy terms of imprisonment that Defendant faces—support a risk of flight finding. *See United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *2 (6th Cir. Mar. 18, 2020) ("A district court's conclusion that a defendant poses a flight risk is supported when the defendant faces a lengthy sentence if convicted, has the potential for deportation, and has family abroad.") Though Defendant submits that the risk of flight may be mitigated by bond conditions, "courts within the Sixth Circuit have deemed electronic tethers insufficient guarantees of a defendant's appearance compared to other evidence of flight risk." *United States v. Brown*, 601 F. Supp. 3d 196, 204 (W.D. Ky. 2022). Therefore, Defendant's history and characteristics collectively support detention.

### IV. The Danger to the Community

Finally, the Court evaluates "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). As explained, the charges pending against Defendant are serious, and Defendant presents a danger to the community.

Defendant argues that the conditions of release imposed by the Magistrate Judge "wholly ameliorate" the risk of danger to the community. (Response, Doc. 25, Pg. ID 80.) The Court respectfully arrives at a different conclusion. "Allegations of enticing a child to engage in sexual activity are particularly dangerous and pose a threat the Court cannot easily mitigate if [Defendant] is released." *United States v. Cornish*, 449 F. Supp. 3d 681, 686-87 (E.D. Ky. 2020). That Defendant allegedly used electronic means to commit a substantial portion of the offenses is also concerning. Given the prevalence of modern technology in this day and age, the Court reaches the common sense conclusion that "there is simply no failsafe way to prevent any and all exposure, even if a defendant forfeits all electronic devices and is denied access to the Internet." *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *3 (6th Cir. July 20, 2020) (cleaned up); *Cornish*, 449 F. Supp. 3d at 686-87 (refusing to rely on defendant's promise to abstain from the Internet because the "myriad of Internet-capable devices available . . . render[s] policing [his] Internet use almost impossible"); *Fitzhugh*, 2016 WL 4727480, at *5 (same). Accordingly, the Court finds that Defendant poses a danger to the community.

## CONCLUSION

For all these reasons, the Court concludes that no condition or set of conditions of release would reasonably assure the appearance of Defendant or the safety of the community. The Court **ORDERS** the following:

1. The Government's Motion for Revocation of Bond (Doc. 24) is **GRANTED**;
2. Defendant's bond is **REVOKED**; and
3. Defendant **SHALL BE DETAINED** in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*

JUDGE MATTHEW W. McFARLAND